IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ASHLEY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-3154 |
| | ) | |
| BOARS NEST BAR AND GRILL, | ) | |
| INC. and DARRIN FRITZ, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Stay All Proceedings (d/e 20) filed by Defendants Boars Nest Bar & Grill, Inc. and Darrin Fritz.  The Motion is GRANTED IN PART, and the Court will enter a stay of discovery directed to Fritz only.  By imposing only a partial stay, the Court can support Plaintiff's interest in proceeding expeditiously in her lawsuit and the public's interest in prompt adjudication of civil litigation while protecting Fritz from making the difficult choice regarding his Fifth Amendment privilege and ensuring that the criminal proceedings proceed untainted by the civil proceedings.

# I. BACKGROUND

In June 2018, Plaintiff Ashley Jackson filed a Complaint (d/e 1) against Boars Nest alleging sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964. In November 2018, Plaintiff was granted leave to file an amended complaint, although the First Amended Complaint (d/e 23) was not actually filed until September 2019.[1] The First Amended Complaint added an Illinois Human Rights Act claim against Darrin Fritz.

The First Amended Complaint contains the following allegations. Boars Nest is a restaurant located in Menard County, Illinois. Fritz is the proprietor and the manager of the Boars Nest.[2] Jackson was employed as a server, and Fritz was her immediate supervisor. On October 27, 2017, Fritz sexually assaulted Plaintiff. Plaintiff resigned her position. She alleges her resignation

---

[1] Plaintiff filed the Amended Complaint on December 11, 2018, but U.S. Magistrate Judge Tom Schanzle-Haskins struck the document because Plaintiff incorrectly filed it as an "Amended Document" and not as an "Amended Complaint." Plaintiff was directed to refile the document correctly by December 13, 2018, but she failed to do so.

[2] Boars Nest's Answer to the original complaint also stated that Fritz is the sole shareholder of Boars Nest. Answer ¶ 6 (d/e 8).

constituted a constructive discharge because the resignation was "forced owing to what Fritz did to her[.]" Compl. ¶ 12.

Count I, the Title VII claim brought against Boars Nest, alleges that Fritz's action constituted gender discrimination because his conduct created a hostile working environment due to Plaintiff's gender and constituted hostile environment sexual harassment. Count II, the Illinois Human Rights Act claim brought against Fritz, alleges that, as owner and manager of Boars Nest, Fritz is individually liable for sexual harassment under the Act.

On July 31, 2019, Defendants filed their Motion to Stay All Proceedings. Defendants assert that, on July 30, 2019, a six-count criminal information was filed against Fritz in Menard County, Case No. 2019-CF-30. See Ex. A, Information (d/e 20-1) (charging three counts of aggravated criminal sexual assault and three counts of criminal sexual assault). Fritz was taken into custody that same day and has since posted bail. The criminal action involves the exact same subject matter as this civil case, namely the alleged sexual assault on October 27, 2017. A review of the Menard County Circuit Court website shows that a trial is set for November 18, 2019. See

https://www.judici.com/courts/cases/case_search.jsp?court=IL065015J&sort=full_name&order=ASC&case_number=2019cf30&litigant_name=&charge_text= (last visited September 25, 2019).

Defendants argue that the special circumstances of this matter, including the similarity of the parties and the issues, the relevant facts, the significance of the pending criminal case, and the need to avoid substantial and irreparable prejudice to the parties, favor a stay of the civil proceedings at this time. Defendants seek a stay until the conclusion of the Menard County criminal case.

## II. ANALYSIS

While the Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings, a court may, in its discretion, stay the civil litigation if the interests of justice require a stay. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Jones v. City of Indianapolis, 216 F.R.D. 440, 450-51 (S.D. Ind. 2003). Whether to grant a stay due to parallel civil and criminal proceedings requires balancing the interests of the plaintiff, the defendants, and the public. Chagolla v. City of Chicago, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). The factors for determining whether to grant a stay include: (1) whether the civil

and criminal matters involve the same subject matter, (2) the posture of the criminal proceedings, (3) the effect of a stay on the public interest, (4) the burden that any particular aspect of the civil case may impose on the defendant if the stay is denied, (5) whether the government is involved in both cases, and (6) the civil plaintiff's interest in proceeding expeditiously.  Id.

Defendants argue the Motion to Stay should be granted because the pending criminal prosecution and the civil case involve the same subject matter.  Defendants assert the public has a significant interest in ensuring that Fritz's constitutional rights are protected and that the criminal process is untainted by the civil litigation.  Finally, Defendants assert the burden on Fritz is significant in light of his Fifth Amendment rights against self-incrimination.

Plaintiff responds that the Court can protect Fritz's interest and allow Plaintiff to—at least to an extent—move forward with her civil lawsuit.  Plaintiff requests that the Court: (1) allow Plaintiff to take third-party discovery, seek discovery on Boars Nest, and submit production requests upon Fritz; (2) enter a temporary protective order precluding Plaintiff from taking Fritz's deposition,

submitting interrogatories to Fritz, or submitting requests to admit on Fritz; and (3) enter an order setting a status conference in approximately 90 days so the Court and the parties can remain abreast of the developments in the criminal proceedings.

The Court finds that a stay is warranted, but only against Fritz. The civil and criminal matters involve the same subject matter, the alleged sexual assault of Plaintiff on October 27, 2017. Generally, absent bad faith or malicious government tactics, the strongest case for staying civil proceedings is when a party is indicted for a serious criminal offense involving the same matter as the civil case. Sec. & Exch. Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980) (noting that the failure to defer the civil proceeding may undermine a party's Fifth Amendment privilege, expand rights of criminal discovery beyond the Federal Rules of Criminal Procedure, expose the criminal defendant's defense to the prosecution prior to the criminal trial, or otherwise prejudice the case). The posture of the case also supports a stay, as Fritz has been indicted and the case is currently set for trial in November 2019.

In addition, without a stay, Fritz would have to choose between testifying and responding to discovery in the civil case—and risk that the responses will be used in the criminal case—or invoking the Fifth Amendment in the civil case and risking an adverse inference.  See Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."); Chagolla, 529 F. Supp. 2d at 945 (discussing the choice a defendant faces regarding the Fifth Amendment privilege in a civil case).  Although it is not unconstitutional to force Fritz to make this choice, the risk to Fritz's Fifth Amendment rights in this case is severe, given the charges and the factual overlap between the civil case and the criminal prosecution.  See Doe v. City of Chicago, 360 F. Supp.3d 880, 881-82 (N.D. Ill. 2005) (granting stay of entire case against all of the defendants where the alleged sexual assault by one defendant was central to both the civil and criminal cases and because the defendant's Fifth Amendment privilege was potentially threatened by the civil suit).

However, a complete stay of the case as requested by Defendants is not warranted.  The public has an interest in both the prompt disposition of civil litigation and in ensuring that criminal proceedings can proceed untainted by parallel civil proceedings.  See Chagolla, 529 F. Supp. 2d at 947.  The public interest is best served by staying discovery against Fritz but allowing discovery to proceed as to Boars Nest.

Moreover, Plaintiff has an interest in proceeding expeditiously with her lawsuit.  Challoga, 529 F. Supp.2d at 947; see also Wiltgen v. Webb, No. 9 C 5352, 2011 U.S. Dist. LEXIS 103604, at *8-9 (N.D. Ill. Sep. 13, 2011) (noting that plaintiffs have an interest in timely discovery, gathering evidence, and witness examination).  If the Court stays the entire case, witnesses' memories may fade, and documents may be lost.

Therefore, in the interest of justice, this Court exercises its discretion to stay discovery directed to Fritz only.  Discovery may proceed against Boars Nest and third parties.

### III. CONCLUSION

For the reasons stated, the Motion to Stay (d/e 20) is GRANTED IN PART.  The Court STAYS all discovery directed to

Fritz.  Plaintiff is permitted to take third-party discovery and seek discovery from Boars Nest.  Defendants shall file a status report within 90 days of the entry of this Order or within 7 days of the conclusion of the criminal case, whichever occurs first, so that the Court and Plaintiff can remain apprised of the developments in the criminal proceedings.

**ENTERED: September 25, 2019**

**FOR THE COURT:**
          *s/ Sue E. Myerscough*
         **SUE E. MYERSCOUGH**
          **UNITED STATES DISTRICT JUDGE**